UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| APRIL DAMIANI as Administrator for the ESTATE OF JOSE DAMIANI, JR., and on behalf of herself, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 4:16-cv-00053-RLY-DML |
| MICHAEL ALLEN, BOBBY TROUTMAN, and TOWN OF WEST BADEN SPRINGS, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND OFFICER TROUTMAN'S AND WEST BADEN'S MOTION TO CERTIFY APPEAL**

On August 28, 2018, the court denied Trooper Michael Allen's and Officer Bobby Troutman's claims of qualified immunity with respect to Plaintiff's excessive force claim. The court also denied West Baden's summary judgment motion as to Plaintiff's corresponding state law claims. On September 26, 2018, Trooper Allen filed a notice of appeal challenging that ruling. Neither Officer Troutman nor West Baden chose to appeal within thirty days.

On October 19, 2018, Plaintiff moved to certify Trooper Allen's appeal as frivolous. On November 9, 2018, seventy-three days after the summary judgment order was issued, Officer Troutman and West Baden moved to certify the order for interlocutory appeal. This Entry addresses these two motions.

1

**I.    Plaintiff's Motion to Certify Trooper Allen's Appeal as Frivolous**

A district court may certify an appeal of qualified immunity as frivolous when the appeal is entirely baseless. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989); *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1031 (7th Cir. 1992). This rule prevents defendants from seeking a tactical advantage by further delaying trial. *Gallion*, 870 F.2d at 1338 – 39. However, the Seventh Circuit has admonished district courts that this power should be used sparingly. *McMath*, 976 F.2d at 1030 – 31; *Gallion*, 870 F.2d at 1339 (noting such power must be used with restraint). It is only reserved for the rare case in which the appeal is completely unfounded. *McMath*, 976 F.2d at 1030; *see also Jones v. Wilhelm*, No. 03-C-0025-C, 2004 WL 420147, at *2 (W.D. Wis. Feb. 24, 2004) (noting appeal is a "waste of time" but still declining to certify it as frivolous).

The court declines to certify Trooper Allen's appeal as frivolous. Reasonable minds—often recently—have disagreed on when the law is clearly established for purposes of qualified immunity, particularly in excessive force cases. *See e.g. Kisela v. Hughes*, 138 S. Ct. 1148, 1155 (2018) (Sotomayor, J., dissenting); *see also Stevens-Rucker v. City of Columbus, OH*, 739 F. App'x 834, 847 (6th Cir. 2018) (Stranch, J., dissenting). And even where the facts are in dispute, officers may appeal a denial of qualified immunity "to the extent it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also Strand v. Minchuk*, 908 F.3d 300, 304 (7th Cir. 2018).[1]

---

[1] Plaintiff also argues that Trooper Allen forfeited any purely legal argument for appeal. That is a determination made by the Seventh Circuit, not the district court.

While the court is mindful that an appeal may work a hardship on Plaintiff, the court does not believe Trooper Allen's appeal is so thin that it warrants certification.[2]

## II. Officer Troutman's and West Baden's Motion to Certify Summary Judgment Order for Interlocutory Appeal

28 U.S.C. § 1292(b) authorizes district courts to certify certain interlocutory orders for immediate appeal. *Thompson v. Cope*, 900 F.3d 414, 419 (7th Cir. 2018). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir 2000) (emphasis in original). There is also a non-statutory requirement that the petition or request must be filed within a reasonable time after the order sought to be appealed. *Id.*

The court declines Officer Troutman's and West Baden's request to certify the summary judgment order for appeal because the request was not filed within a reasonable time. They have not offered *any reason* for why they chose to wait more than two months after the initial summary judgment order was issued to request certification. *See Weir v. Propst*, 915 F.2d 283, 287 (7th Cir 1990) ("Neither the parties nor the district judge have presented any reason for the delay in certification in this case; the delay as we have said was gratuitous."). While there may be practical reasons for certification since

---

[2] Of course, Plaintiff is not precluded from making its frivolousness request to the Circuit.

Trooper Allen has already initiated an appeal, section 1292(b) is not an end around for a belated appeal under section 1291. *See id.* at 286 – 287.[3]

Officer Troutman and West Baden explain that two developments have occurred since the court issued its summary judgment order such that certification is proper: (1) Trooper Allen filed a notice of appeal, and (2) the Seventh Circuit ordered mediation for all parties. But neither of these explain why their delay was reasonable. Quite the contrary: the fact that Trooper Allen timely appealed suggests their delay was unreasonable. Without *any justification* or good cause for their seventy-three-day delay[4], the court cannot find that their request was filed in a reasonable amount of time. *Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero*, 25 F.Supp.2d 882, 884 – 85 (N.D. Ill. 1998) (denying motion to certify as untimely where there was no justification for one-month delay); *Green v. City of New York*, No. 05-CV-0429 (DLI)(ETB), 2006 WL 3335051, at *2 (E.D. N.Y. Oct. 23, 2006) (same for more than two-month delay); *State Farm Fire & Casualty Co. v. Thompson*, No. 09-00530 ACK-LEK, 2010 WL 11610614, at *2 (D. Haw. Sep. 16, 2010) (same for nearly three-month delay).

---

[3] To be clear, the court is not faulting Officer Troutman and West Baden for pursuing the appeal under section 1292(b) as opposed to 1291 as there is nothing to prevent them from going down this "thorny route." *Id.* at 285. Rather, their *delay* in pursuing an appeal under 1292(b) is what is at issue.

[4] The court uses seventy-three days as the proper calculation because that is what Officer Troutman and West Baden stated in their briefing. (Filing No. 206, Reply Brief at 3). Whether the "delay" is calculated from the date of the summary judgment order, ten days after, or thirty days after would not change the court's ultimate decision.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to certify Trooper Allen's appeal as frivolous (Filing No. 200) is **DENIED**. Since Trooper Allen's appeal is not frivolous, the court also **DENIES AS MOOT** Plaintiff's Motion to set a trial date or scheduling conference (Filing No. 193). Should the court's decision get affirmed, the court will set the appropriate schedule at that time. Lastly, Officer Troutman's and West Baden's motion to certify the summary judgment order for immediate interlocutory appeal (Filing No. 202) is **DENIED**.

**SO ORDERED** this 11th day of December 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.